Barber v Sorce (2019 NY Slip Op 04569)





Barber v Sorce


2019 NY Slip Op 04569


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


535 CA 18-02063

[*1]RODNEY BARBER, PLAINTIFF-RESPONDENT,
v
CHARLES SORCE, ET AL., DEFENDANTS, AND VICTOR J. ANZIANO, DEFENDANT-APPELLANT. 






KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LOTEMPIO P.C. LAW GROUP, BUFFALO (BRIAN D. KNAUTH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered January 31, 2018. The order, insofar as appealed from, denied in part the motion of defendant Victor J. Anziano for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the complaint against defendant Victor J. Anziano to the extent that the complaint, as amplified by the bill of particulars, alleges that he created or exacerbated the allegedly dangerous condition or had actual notice of it and as modified the order is affirmed without costs.
Memorandum: In this negligence action, Victor J. Anziano (defendant) appeals from an order that, inter alia, denied his motion for summary judgment dismissing the complaint against him with respect to plaintiff's accident on March 4, 2013. On that day, at approximately 10:30 p.m., plaintiff slipped and fell on an icy driveway on premises owned by defendant. Contrary to defendant's contention, the storm in progress doctrine does not absolve him of liability for plaintiff's accident. The storm in progress rule does not apply where " the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation' " (Patricola v General Motors Corp., 170 AD3d 1506, 1506 [4th Dept 2019]). Here, defendant submitted the expert affidavit of a meteorologist, which indicated that there had not been any precipitation for more than four hours prior to the time of the accident.
We reject defendant's contention that Supreme Court erred in denying his motion with respect to the allegation that he had constructive notice of the allegedly dangerous condition. Defendant failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit him to discover and remedy it (see Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1401 [4th Dept 2018]; see also Fuller v Armor Volunteer Fire Co., Inc., 169 AD3d 1471, 1472 [4th Dept 2019]). We note, however, that plaintiff conceded at oral argument that he is alleging constructive notice only. Therefore, we modify the order by granting that part of defendant's motion seeking dismissal of the complaint against him to the extent that the complaint, as amplified by the bill of particulars, alleges that he created or exacerbated the allegedly dangerous condition or had actual notice of it.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court